Ferry LIANDO; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Nos. 04–75733, 05–71241.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 6, 2008.

Robert G. Ryan, Law Offices of Eugene C. Wong Inc., San Francisco, CA, for Petitioners.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

512

Paul Fiorino, Kurt B. Larson, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Ferry Liando and family petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and the BIA's order denying their motions to reconsider and reopen proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the IJ's denial of the application for asylum, withholding of removal, and relief under the CAT, *Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004), and we review for abuse of discretion the BIA's denial of the motions to reconsider and reopen, *Ordonez v. INS,* 345 F.3d 777, 782 (9th Cir.2003). We deny the petitions for review.

Substantial record evidence supports the IJ's conclusion that the two robberies Liando suffered in 1982 and his presence during the 1998 riots did not rise to the level of past persecution. *See Gu v. Gonzales,* 454 F.3d 1014, 1019–21 (9th Cir. 2006) (brief detention, beating, and interrogation did not compel finding past perse-

cution). The record also supports the IJ's conclusion that Liando did not have objectively reasonable fear of future persecution should he be returned to Indonesia. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927–28 (9th Cir.2004) (finding sufficient individualized risk of future persecution where native Indonesians threatened applicant directly, vandalized her car often with sexist and racist remarks, and stoned her boarding house while shouting her name and racist threats). We therefore uphold the IJ's determination that Liando did not establish eligibility for asylum.

Because Liando did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006). Moreover, substantial evidence supports the IJ's conclusion that Liando did not establish it is more likely than not that he will be tortured if returned to Indonesia, and we uphold the denial of relief under the CAT. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

The BIA did not abuse its discretion in denying the motion to reconsider because the motion did not identify an error of fact or law in the BIA's prior decision. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc). The BIA also did not abuse its discretion in denying the motion to reopen because the materials Liando included with the motion did not establish Liando's *prima facia* eligibility for the underlying relief. *See Mendez–Gutierrez v. Ashcroft,* 340 F.3d 865, 869 (9th Cir.2003) (requiring applicant to show, *inter alia, prima facie* eligibility for motion to reopen to succeed).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Lastly, we deny Liando's pending request to remand under *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006) because, in summarily affirming the IJ's decision, the BIA did not cut short the length of the voluntary departure period.

**PETITIONS FOR REVIEW DENIED.**